STATE of Missouri, Respondent,

v.

Eddie MARTIN, Appellant.

No. 56264.

Missouri Court of Appeals,
Eastern District,
Division One.

May 29, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 27, 1990.

Application to Transfer Denied
July 31, 1990.

Henry B. Robertson, Deborah B. Wafer, Asst. Public Defenders, St. Louis, for appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals a judgment on a jury conviction for burglary in the second degree. Defendant was sentenced as a prior and persistent offender to seven years' imprisonment. The trial court suspended execution of sentence and placed defendant on probation for three years. We affirm.

Defendant asserts the trial court erred in denying his motion to suppress evidence of property alleged to have been stolen by defendant. He proffers the evidence of the items of stolen property was procured by a warrantless search and seizure of defendant's first-floor apartment to effect a search of the basement wherein the stolen items were found.

Viewed in a light most favorable to the State, the evidence reveals the victim's home was burglarized on July 23, 1987. Victim called the police and Officer Dreppard responded to investigate. Shortly after the officer left victim's home, victim noticed a trail through the tall grass in his backyard leading from victim's home to another building two doors from the vic-

tim's home. Officer Dreppard again responded to the victim's call. He also called for assistance. The trail led to a two-story flat. The police officers and the victim went to the second-floor apartment. A woman, Barbara Moody, identified herself as the person who lived in the second-floor apartment. Officer Dreppard told her he had come to look for items that had been reported as stolen. Barbara Moody consented to a search of her apartment. Present at the time were Barbara Moody; her boyfriend, Daryl Williams; several small children; a teenager, Archie Brown; and defendant. A search of the apartment yielded some towels victim identified as his. Defendant remained silent, but Archie Brown came forward and stated he and defendant committed the burglary and the stolen items were in the basement.

Access to the basement is only through the first-floor apartment. Barbara Moody told the police officers she did not have a key to the first-floor apartment. She testified she used the basement occasionally to do her laundry, but in order to do so her stepfather, the owner of the two-story flat, had to bring a key over. Defendant stated he kept some work tools in the basement. Barbara Moody told police she would call her stepfather to have him bring a key over.

Before the stepfather arrived, Archie Brown told police he could take them to the basement. Neither Barbara Moody nor defendant objected. Archie Brown opened a window on the first floor, crawled through and opened the first-floor door to admit Officer Dreppard and the victim. The three thereafter entered the basement. All of the property victim reported as stolen, except the towels, was found in the basement. Defendant's fingerprints were on the stolen property.

■ Our review of a ruling on a motion to suppress and on the admissibility of evidence at trial is limited to a determination of whether the evidence was sufficient to sustain the trial court's findings. *State v. Luleff*, 729 S.W.2d 530, 533[1] (Mo.App. 1987).

■ Defendant contends he resided in the first-floor apartment. He did not give the police consent to search the first-floor apartment or the basement, accessible only through the first floor, and therefore the stolen property found in the basement should have been excluded. However, there was sufficient evidence for the trial court to find defendant resided upstairs with his sister in the second-floor apartment and the first-floor apartment was vacant. Officer Dreppard testified the first-floor apartment was vacant when he entered. Barbara Moody testified her brother had been staying with her, and that up to at least two months before the search the first-floor apartment had been locked. Defendant himself testified the first-floor apartment was vacant at the time of search and that he lost his key to the apartment. The trial court chose to believe the first-floor apartment was vacant. It is the trial court's function to resolve conflicts in testimony and determine the credibility of witnesses. *State v. Sayles*, 579 S.W.2d 748, 751[3] (Mo.App.1979). There was sufficient evidence to find defendant did not have a legitimate expectation of privacy in the first-floor apartment. *See State v. Nichols*, 628 S.W.2d 732, 736[1, 2] (Mo.App. 1982). Thus, defendant cannot complain he did not consent to the search of the first-floor apartment.

■ We now turn to the search of the basement. Barbara Moody contacted her stepfather, the owner of the flat, who was on his way over with a key to the first floor and the basement. Archie Brown volunteered to take the police officer and victim to the basement. The basement was a common area. Both Barbara Moody and defendant told police they had mutual use of it; using it for laundry or the storage of work tools. Barbara Moody had already consented to a search of her apartment and did not object to a search of the basement nor to Archie Brown taking police there. Defendant did not object either. The evidence was sufficient to find Barbara Moody gave valid consent to search the basement. *State v. Johns*, 679 S.W.2d 253, 262[15] (Mo. banc 1984).

Further, as in *State v. Butler,* 676 S.W.2d 809, 812–813[3, 4] (Mo. banc 1984), it was inevitable the property would have been discovered. The path from the victim's house to the flat was sufficient probability the stolen items were inside the two-story flat. Towels, identified by the victim as his, were found in Barbara Moody's second-floor apartment, and the owner of the flat was on his way with a key to the rest of the flat. Defendant's point is denied.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.